# Pokras, Appellant *v.* Pennsylvania Salt Manufacturing Company.

*Negligence—Infant—Wagon—Charge of court.*

In an action to recover damages for personal injuries to a boy six years old alleged to have been caused by the negligence of defendant's driver, a verdict and judgment for the defendant will be sustained where the weight of the testimony is overwhelming to the effect that the boy had approached the wagon from behind, and climbed on the side between the wheels, and in attempting to get off had placed his foot between the spokes of a hind wheel, and that this action of the boy had resulted in his fall and injury.

Argued Jan. 5, 1912. Appeal, No. 183, Oct. T., 1911, by plaintiffs from judgment of C. P. No. 4, Phila. Co., Sept. T., 1908, No. 3745, on verdict for defendants in case of Hyman Pokras, by his father and next friend, Philip Pokras and Philip Pokras in his own right v. Pennsylvania Salt Manufacturing Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries to a boy six years old. Before WILLSON, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiffs appealed.

Errors assigned were various portions of the charge, and the charge as a whole.

John C. Gilpin, with him Bernard Pockrass and Graham & Gilfillan, for appellant.

William Findlay Brown, for appellee.

Per Curiam, February 5, 1912:

The burden of the appellant's complaint is that there was a failure by the court to adequately present to the jury the plaintiff's testimony and that undue prominence was given to the testimony for the defendant. The boy who was injured was six years of age, and in his action and that of his father combined with it, a recovery was sought on the ground that he had started to cross a street thirty feet in front of the defendant's team, and through the negligence of the driver was knocked down by the horses and run over by the wheels of the truck. The defense was that the boy had approached the truck from behind it, had climbed on the side between the wheels and in attempting to get off had placed his foot between the spokes of a hind wheel. The learned trial judge was evidently of opinion that the weight of the testimony was overwhelmingly with the defendant. We are of the same opinion. He carefully submitted both sides of the controversy and called attention to the testimony in support of each. We find no error in the charge. The caution to the jury in the following words: "Every juryman ought to take pride in trying to get what is just between the parties, that is what you ought to try to do in this case. That is all that either a juryman or a judge ought to have in view in the trial of a case," was called for by the circumstances of the case, and was eminently proper

The judgment is affirmed.